IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY WOMACK,

Defendant.                                              No. 05-CR-30015-DRH

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On March 8, 2012, Anthony Womack, *pro se*, filed a motion under 18 U.S.C. § 3582(c)(2) for reduction of sentence based on retroactive guideline Amendment 750, effective November 1, 2011, concerning cocaine base ("Crack") (Doc. 811). The Court appointed counsel to represent Womack on the issue of a sentencing reduction in light of the amendment to the United States Sentencing Guidelines, and Counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 823). *See Anders v. California*, 386 U.S. 738, 744 (1967). Womack did not respond to the motion to withdraw, even though he was given an opportunity to do so. *See* Doc. 825.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court

must consider the factors set forth in 18 U.S.C. 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Womack cannot satisfy the first criterion of the statute because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 750 and the Fair Sentencing Act of 2010 pertain only to offenses regarding crack cocaine. The Sentencing Commission issued U.S.S.G. Amendment 750, effective November 1, 2011, intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Womack, however, was sentenced for a crime involving powder cocaine only; in excess of 5 kilograms of cocaine powder. The Sentencing Commission did not lower the offense level for powder cocaine, only for crack cocaine. Thus, Womack's guideline range has not been lowered, and he cannot

satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. His motion is frivolous.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 823) and **DISMISSES for lack of jurisdiction** the motion for sentence reduction (Doc. 811).

**IT IS SO ORDERED.**

Signed this 30th day of May, 2013.

                                                David R. Herndon
                                                2013.05.30
                                                15:26:40 -05'00'

                                    **Chief Judge**
                                    **United States District Court**